CHAUNCEY BROOKS ET AL
vs.
HENRY H. DENT ADM'R D. B. N.
OF HENRY BRAWNER, DECEASED.

SEPTEMBER TERM, 1849.

[CHANCERY PRACTICE—DECREE TO ACCOUNT.]

A FINAL order upon a petition asking the defendant to bring money into court for the purpose of investment, cannot be passed without notice to, or hearing of, the opposite party who has answered the petition, and objected to the application.

A decree to account against an executor or administrator, either separately for the suing creditor, or specially on behalf of himself, and all other creditors is a decree for the benefit of all the creditors, and in the nature of a judgment for all.

From the date of a decree to account upon a creditor's bill against an administrator or executor, and on a due disclosure of assets, an injunction will be granted on the motion of either party to stay all proceedings of any of the creditors at law.

[This was a creditor's bill, filed on the 12th of November, 1840, against the executrix and heirs and devisees of Henry Brawner, deceased. The executrix died in July, 1847, and on the 22d of February, 1848, a bill of revivor was filed against Dent as administrator, *d. b. n.*, of Brawner, who, by his answer, admitted that he had in his hands $5444 22, applicable to the

debts of the estate, and on the 7th of May, 1849, the complainants filed a petition asking that said Dent be directed to invest said amount under the direction of the court, owing to the complicated condition of the estate, and the variety of claims thereon, to be adjusted and settled before a distribution can be made. Upon this petition the Chancellor, on the 9th of the same month, passed an order directing said Dent to bring said sum into court, or show cause to the contrary, on or before the 19th of May following, provided, a copy of the order and petition be served on him, or his solicitor, before the 25th of April, 1849.

On the 1st of May, 1849, a decree for an account was passed in the cause, and on the 30th of the same month, Dent answered the petition of the complainants, stating various objections to the application, which it is not necessary to state in full. On the 22d of October following, the Chancellor delivered the following opinion upon this state of the case. The other opinion in this case is reported in 1 *Md. Ch. Decisions*, 523.]

THE CHANCELLOR.

The petition of the complainants, filed on the 7th of April last, praying that the defendant, Dent, might be required to bring into court, for the purpose of investment, certain moneys in his hands, was to have been heard on the 19th of the then following month of May. It was not, however, then submitted, and the court is now called upon by the complainants to pass a final order upon the petition without notice to, or hearing of, the opposite party, who has put in an answer to the petition stating objections to the application. This would be irregular, and cannot be done. It may be proper, however, to observe, that the case now is in a different position from what it was when the petition was filed, and that the decree to account passed on the 1st of May last, places it entirely in the power of the court to afford protection to the defendant against the proceedings at law, which have been or may be instituted against him by the creditors of his intestate. The rule being that a decree to account against an executor or administrator, either separately for the suing creditor, or specially on behalf

STODDERT VS. BOWIE. 475

of himself and all other creditors, is a decree for the benefit of all the creditors and in the nature of a judgment for all, and from the date of such decree, and on a due disclosure of assets, an injunction will be granted on the motion of either party to stay all proceedings of any of the creditors at law. *Thompson* vs. *Brown*, 4 *Johns. Ch. Rep.*, 619.

From the nature of this case, the Chancellor inclines to think, it would be expedient and beneficial for all parties that the money in the hands of the administrator should be brought in for investment, and will pass an order fixing an early day for hearing the parties, if they desire to be heard, either in reference to the amount to be brought in, or the character and terms of the order, in which provision may be made for the security of the defendant against the proceedings at law of the creditors of the deceased, or upon any other question which may properly arise upon the application.

ROBERT J. BRENT, for Complainants.
CORNELIUS McLEAN, for the Defendant, Dent.